UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>S. MOODY,<br><br>Defendant. | ) | No. 2:26-cv-00533-JRO-MG |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Kevin Martin is a prisoner at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging that a case worker discriminated against him in violation of his rights under the Fourteenth Amendment. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. THREE STRIKES AND PAYMENT OF FILING FEE**

Section 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Martin incurred at least three "strikes" before bringing this action. *See Martin v. McCorkle, et al.*, 1:24-cv-00088-JMS-MKK, dkt. 7 at 1 (S.D. Ind. Jan. 22, 2024) (citing *Martin v. Meeks, et al.*, No. 2:18-cv-00395-JMS-DLP, dkt.

186 (S.D. Ind. Apr. 29, 2020)). Although Martin did not disclose the strikes in his complaint, he did not move to proceed *in forma pauperis* and instead paid the full $405 filing fee. Dkt. 7. Therefore, this case will proceed to screening of Martin's complaint.

## II. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. THE COMPLAINT

The complaint names case worker S. Moody as the sole defendant. Dkt. 1 at 1. Martin alleges that from April 17 to August 5, 2025, Moody was accompanied by a security escort when collecting Martin's outgoing legal mail.

*Id.* at 3. When Martin asked Moody why she had security with her, Moody told Martin it was to prevent him from having an opportunity "to assault a white wom[a]n again." *Id.* Martin, who is Black, alleges that Moody has not requested a security escort to collect the outgoing legal mail of white inmates with a similar history of assaulting staff. *Id.* at 3–4. He contends that he "will show evil motive" by Moody in requesting a security escort to pick up his mail but not to pick up the mail of white inmates. *Id.* But Martin says he will need to see the conduct report histories of these inmates to confirm that they have assaulted staff. *Id.* at 4. He also says he will need the "range sheet" for each prison unit where he has been housed to show he was housed next to white inmates. *Id.* He suggests that the Court can review these documents to confirm his allegations that white inmates housed near him have a similar history of assaulting staff. *Id.* Martin also alleges that Moody has discriminated against him as part of a plan to "form a team to pay inmate to kill[]" him. *Id.* at 5. He alleges that Moody called him "n-word 4 or 5 time[s]" to provoke Martin to act violently towards her. *Id.*

Martin separately alleges that someone named Mr. Ellis has refused to provide a videotape and documents that Martin says are relevant to his case and would show that other inmates have a history of assaulting prison staff. *Id.* at 4–5. He says Ellis is "attempt[ing] to cover up the corrupt[ion]." *Id.* at 5.

Martin seeks compensatory and punitive damages against Moody.

## IV. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, Martin's allegations against Moody do not state a violation of his rights under the Equal Protection Clause. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor." *Id.* at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)). The prisoner must prove that: 1) similarly situated prisoners have been treated differently by the government; and 2) there is no rational relation between the dissimilar treatment and any legitimate penal interest. *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) (citing *Hudson v. Palmer,* 468 U.S. 517, 523 (1984), and *Williams v. Lane*, 851 F.2d 867, 881–82 (7th Cir. 1988)).

Martin's allegations do not satisfy these standards. Martin does not allege that Moody requested a security escort to retrieve his legal mail because he is Black. He alleges that she told him she requested the security escort because he has a history of assaulting white women. Moody's fear of harm from Martin based on his alleged violent history is a rational, non-race-based reason for requesting a security escort. Martin claims that Moody did not request a security escort to

pick up mail from white inmates who also have assaulted staff. But he does not say that those other inmates have a history of assaulting women or white women specifically. Moreover, Martin admits he does not have this information but would need to review the conduct report histories of those inmates to confirm that they have a history of assaulting staff at all. His speculation that these other inmates have a similar violent history to him is insufficient to support his equal protection claim. *See Hanks v. Hubbard*, Case No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing *Twombly*, 550 U.S. at 554–56 (2007)).

More fundamentally, even if Martin could show that white inmates have similar violent histories, Martin is not suffering any disparate treatment. Moody is the individual receiving the security detail, not Martin. Regardless of who is accompanying Moody, Martin's mail is picked up by Moody all the same. Martin's complaint does not allege any action directed toward him, disparate or otherwise.

Nor does Martin state a claim against Moody for her alleged use of racial epithets towards him. “Standing alone, simple verbal harassment does not . . . deny a prisoner equal protection of the laws.” *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on different grounds by Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (en banc). Although unprofessional and unacceptable, prison staff’s use of even “[r]epugnant words" will rarely constitute a constitutional violation because “[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners." *Lisle*, 933 F.3d at 719.

Second, to the extent Martin seeks to proceed against Mr. Ellis, he does not state a claim. The complaint does not name Ellis as a defendant, does not explain who he is, and does not provide his title or position at the prison. Martin alleges only that Ellis has refused to provide him evidence that would aid his claim against Moody. But as the Court explained above, Martin does not state a viable claim against Moody regardless. Whether Ellis refused to provide Martin these items—and he may have had valid security reasons not to—is therefore immaterial and does not state a claim.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

As a final note, Martin also has filed two motions to clarify. Dkts. 8, 10. His first motion appears to suggest prison staff did not provide him the full electronic document from the Court requesting that he pay the $405 fee or request to proceed *in forma pauperis* (dkt. 6). *Id.* He asks the Court to "acknowledge" that staff at his prison has withheld documents or delayed his receipt of documents form the Court. The Court will **deny** this motion because Martin has paid the fee, and his case has not been affected by any alleged delay.

Martin's second motion requests a copy of the docket in this case to ensure he did not miss any orders from the Court. Dkt. 10. The Court has not issued any orders since sending Martin the Notice of Deficiency (dkt. 6). Nonetheless, the Court will **grant** this motion and **direct the Clerk** to provide Martin a copy of the docket sheet in this case with this order.

## V. OPPORTUNITY TO SHOW CAUSE

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through November 24, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

The Court **DENIES** Martin's first motion to clarify, dkt. [8], and **GRANTS** his second motion to clarify, dkt. [10]. The **Clerk shall** include a copy of the docket sheet with this order. The Court **GRANTS** Martin's motion to screen complaint, dkt. [11], to the extent the Court has done so in issuing this order.

**SO ORDERED.**

Date: 11/3/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KEVIN MARTIN
169789
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838